UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
LEARNING ANNEX HOLDINGS, LLC
and LEARNING ANNEX, LLC,

      Plaintiffs,

  vs.

WHITNEY EDUCATION GROUP, INC., WHITNEY
INFORMATION NETWORK, INC., WEALTH
INTELLIGENCE ACADEMY, INC., WEALTH
INTELLIGENCE AGENCY, RICH DAD
EDUCATION, LLC, RICH GLOBAL, LLC, THE RICH
DAD COMPANY and CASHFLOW TECHNOLOGIES,
INC.,

And John Does # 1-10 and XYZ Corp. # 1-10, the said
defendants consisting of individuals and/or entities
whose identities are currently unknown and who are
believed to have committed and/or derived benefits from
acts injurious to the Plaintiffs,

      Defendants.
------------------------------------------------------------------- X

Docket No.: 09-Civ-4432
    (SAS) (GWG)

**PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/09

A.   INFORMATION SUBJECT TO THIS ORDER

  1.   This Protective Order ("Order") governs access to and the use, treatment and distribution of "Information" (as defined below) produced in this action by the parties or any third-party, which is in good faith designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order and in accordance with Federal Rule of Civil Procedure 26(c)(1) (and, in particular Rule 26(c)(1)(G)). For purposes of this Order, "Information" shall include all documents; information; interrogatory answers; responses to requests for production of documents, and documents produced pursuant to such requests or pursuant to subpoena; responses to requests for admission; pleadings; deposition or hearing transcripts or exhibits; motions; affidavits, declarations and briefs; and all extracts or summaries

containing any of the foregoing which are filed or produced in this action by any party or non-party (all, together the "Producing Party") to any other party (the "Receiving Party") which are designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order. The term "document" as used in this paragraph is synonymous in meaning and equal in scope to this term as used in the Federal Rules of Civil Procedure, Rule 34(a) and includes (without limitation) electronically stored information and computerized data compilations.

2. A party that disagrees with the designation of Information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall advise counsel for the Producing Party, in writing, of the objection and the reasons therefor. The Producing Party shall promptly advise the objecting party, in writing (with a copy to counsel for all other parties) whether it will withdraw its designation and, if not, its reasons. Counsel shall make a good faith effort to resolve the dispute through a telephonic or in-person conference. If the dispute cannot be resolved as a result of this conference, the objecting party shall have the right to challenge the designation in the manner prescribed by the Court, and any other party shall be permitted to respond, in like manner. Any Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain subject to the terms of this Order pending a determination by the Court.

3. The provisions of this Order shall not apply to:

    (a) A party's use of Information it has produced;

    (b) Any information which at the time of the disclosure to a Receiving Party is in the public domain, provided the party objecting to the designation so demonstrates;

    (c) Any information which, after disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this

> Order, provided the party objecting to the designation so demonstrates;
>
> (d) Any information which a Receiving Party can show that it obtained independently and without any violation of this Order; or
>
> (e) Any information that the Receiving Party can show it received from a source who obtained the information lawfully and who was under no obligation of confidentiality to the Producing Party.

B.   PERMITTED USE

1.   Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be used or disclosed for any purpose whatsoever, whether for profit or otherwise, other than for the purpose of prosecuting or defending this action (including any appeals) and as provided herein.

2.   Information that is designated "Confidential" may be disclosed or made available only to the persons specified in subsections (a) through (g) of this paragraph. Information that is designated as "Confidential – Attorneys' Eyes Only" may be disclosed or made available only to the persons specified in subparagraphs (a), (c), (d), (e), (f) and (g) of this paragraph:

> (a)   counsel who have appeared for the parties to this action and those partners, associates, legal assistants, employees and other administrative staff and contract attorneys or paralegals in their firms who are involved in the prosecution or defense of this action as well as the following attorneys: Andrew Hyams (counsel for plaintiffs, provided he signs a copy of Exhibit A); James May and Esmond Lewis, and their staffs or their successors (General Counsel and Litigation Counsel of Tigrent, Inc.) (f/k/a Whitney Information Network); Charles W. Lotzar and Neil Dube and their respective staffs (for the Rich Dad

        Defendants, provided they each sign a copy of Exhibit A);

(b)    The present officers, directors or employees of the parties whose review of such information is necessary for purposes of the prosecution or defense of this action (together the "Parties" or a "Party") and who have executed a copy of Exhibit A;

(c)    Outside experts, consultants or advisors retained in good faith to assist a party or its counsel in the prosecution or defense of this action, provided: (i) that such persons have executed a copy of Exhibit A hereto; (ii) a copy of Exhibit A so executed shall be provided to counsel for the Producing Party at least five business days in advance of any such disclosure; (iii) such experts, consultants or advisors are not engaged in and do not provide services in the post-secondary education industry; and (iv) such experts, consultants or advisors are provided only such Information as is necessary for them to perform the tasks undertaken by them;

(d)    The Court;

(e)    Witnesses deposed in this action or persons who appear as witnesses at any hearing or trial in this action, but only to the extent disclosure occurs during such deposition, hearing, or trial, and provided that counsel making such disclosure shall first inform each such person that the information is "Confidential" or "Confidential – Attorneys' Eyes Only" and obtain their signature on a copy of Exhibit A hereto; further provided, however, that Information designated "Confidential – Attorneys' Eyes Only" may not be shown to a witness not entitled to such information pursuant to paragraph B(2)

hereof absent agreement of the Producing Party or an order of the Court;

(f) Court reporters who record testimony taken in the course of this action who are provided with copies of this Order. Any part of a deposition transcript that includes "Confidential" or "Confidential – Attorneys' Eyes Only" information must be separately printed and sealed;

(g) Personnel of any reproduction services company engaged by counsel for a Receiving Party to make copies of Information provided that they execute a copy of Exhibit A hereto or have existing confidentiality policies in place that, at a minimum, preclude their personnel from disclosing information with respect to which they perform reproduction services.

3. The Parties may collectively agree in writing to permit any other person to see or receive "Confidential" or "Confidential – Attorneys' Eyes Only" Information or, in the event of lack of agreement, may apply to the Court for such permission.

4. Subject to any further order of the Court, in the event that counsel for any party determines to file with the Court any document, or portion thereof, containing Information that is "Confidential" or "Confidential – Attorneys' Eyes Only" or any pleadings, motions, briefs or other documents that contain said "Confidential" or "Confidential – Attorneys' Eyes Only" Information, such party shall file with the clerk's office or through the electronic filing system a redacted version of such submission, that does not disclose the "Confidential" or "Confidential – Attorneys' Eyes Only" Information, and shall provide a non-redacted copy of said submission directly to the Court's chambers and counsel for the other parties.

C. MANNER OF DESIGNATION

1. Any party or third-party may invoke the protection of this Order with respect to any Information in the following manner:

5

   (a) With respect to documents: (i) by the Producing Party's inserting thereon prior to production the clear and legible legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or (ii) by the receiving party's notifying the other parties in writing of the specific designation to be given to any specific document or other item.

   (b) With respect to testimony, by indicating on the record during the testimony that such testimony is "Confidential" or "Confidential – Attorneys' Eyes Only" or by notifying all of the parties in writing, subsequent to the receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential – Attorneys' Eyes Only".

  2. The entire transcript of every hearing and deposition shall be treated as "Confidential – Attorneys' Eyes Only" for the first fifteen days after the parties' receipt of such transcript.

  (3) Documents designated by a Receiving Party shall be subject to the provisions of this Order upon a party's receipt of such designation; no disclosure occurring prior to the receipt of such designation shall be deemed a violation of this Order.

 D. RETURN/DESTRUCTION OF CONFIDENTIAL INFORMATION

  1. The attorneys for the parties, any experts permitted to receive documents pursuant to paragraph B(2)(c) and, in the case of "Confidential" Information", the parties, shall retain Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in their custody or control and take reasonable precautions to prevent persons not authorized to receive such Information from obtaining access to such Information.

2.      The provisions of this Order shall not terminate at the conclusion of this litigation. Within sixty (60) days after the conclusion of this litigation (including any appeals), at the written election of the Producing Party, all Information designated by a Producing Party as "Confidential" or "Confidential – Attorneys' Eyes Only" and any and all extracts and summaries thereof shall either be returned to the Producing Party or shall be destroyed. To the extent that any Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" has been altered or used in such a way that returning the documents to the Producing Party would reveal privileged communications or attorney work product, the Receiving Party may, in lieu of returning the documents or Information, destroy such documents. If Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" has been entered into a computerized database, such database (or the portion thereof containing Confidential Information) shall be deleted.

3.      Counsel of record for each party, all experts and the parties shall each certify its compliance with paragraph D(2) in writing and shall deliver the same to the counsel for the Producing Party within 75 days after the conclusion of this action. The provisions of this paragraph notwithstanding, counsel may retain in its files copies of documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that have been used in connection with any filing, exhibit or motion in this action.

E.      MISCELLANEOUS

1.      If a person subpoenas or a court or administrative agency orders production of Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" from a Receiving Party, such party shall promptly notify the Producing Party in writing of such

7

subpoena or order. Production or disclosure shall not be made until at least 15 days after notice has been given.

2.	Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this action and, in the course thereof, generally describing "Confidential – Attorneys' Eyes Only" Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

3.	If a Producing Party inadvertently or unintentionally produces Information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only," the Producing Party shall give written notice to the Receiving Party(s) and thereafter the Receiving Party(s) shall treat the document as "Confidential" or "Confidential – Attorneys' Eyes Only".

Dated: New York, New York

November 5, 2009

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LEARNING ANNEX HOLDINGS, LLC
and LEARNING ANNEX, LLC,

                Plaintiffs,              Docket No.: 09-Civ-4432
                                                               (SAS) (GWG)

      vs.

WHITNEY EDUCATION GROUP, INC., WHITNEY
INFORMATION NETWORK, INC., WEALTH
INTELLIGENCE ACADEMY, INC., WEALTH
INTELLIGENCE AGENCY, RICH DAD
EDUCATION, LLC, RICH GLOBAL, LLC, THE RICH
DAD COMPANY and CASHFLOW TECHNOLOGIES,    **CONFIDENTIALITY**
INC.,                                                                        **AGREEMENT**

And John Does # 1-10 and XYZ Corp. # 1-10, the said
defendants consisting of individuals and/or entities
whose identities are currently unknown and who are
believed to have committed and/or derived benefits from
acts injurious to the Plaintiffs,

                Defendants.
------------------------------------------------------------------ X

## EXHIBIT A TO PROTECTIVE ORDER

1.     I hereby acknowledge that I am about to receive confidential information produced in the above captioned action.

2.     I have read the Protective Order dated November 5, 2009, governing the restricted use of confidential information in this action, a copy of which is attached hereto. I hereby agree to be bound by the terms of the Protective Order.

3.     I further agree that I will not utilize any "Confidential" or "Confidential – Attorneys' Eyes Only" Information for any purpose other than prosecution or defense of this

action. I further agree that I will not reveal "Confidential" or "Confidential – Attorneys' Eyes Only" Information to, or discuss it with, anyone, except in accordance with the terms of the Protective Order.

4. At the termination of this litigation, I will return all documents or other materials marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as well as any copies, summaries or abstracts of same, to the attorney who provided such materials to me.

5. I acknowledge that by signing this Agreement, I submit to the jurisdiction the United States District Court for the Southern District of New York in connection with the enforcement of this Agreement.

Dated:\_\_\_\_ \_\_\_ \_\_\_\_ \_\_\_\_ 

_____
Signature

_____
Printed Name

_____
Company or Firm Name

_____
Address

_____
City, State, Zip

_____
Telephone Number