UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

LEARNING ANNEX HOLDINGS, LLC
and LEARNING ANNEX, LLC,

                        Plaintiffs,

            - against -

RICH GLOBAL, LLC, and
CASHFLOW TECHNOLOGIES, INC.,

                        Defendants.
------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

**09 Civ. 4432 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

On July 13, 2011, a jury awarded approximately $14.6 million in damages to Plaintiffs Learning Annex Holdings, LLC and Learning Annex, LLC. In oral arguments that followed immediately thereafter, Defendants Rich Global, LLC and Cash Flow Technologies, Inc. (together, "Defendants" or "Rich Dad") argued that because Learning Annex, LLC ("the LLC") had transferred its interest in the instant lawsuit to another entity, Learning Annex, L.P. ("the L.P."), the only proper plaintiff, was not before the court. As a result, the LLC moved to add the L.P. as a party.[1] For the reasons discussed below, the motion is granted.

---

[1]   *See* Fed. R. Civ. P. 25(c).

1

## II.     BACKGROUND[2]

This suit was filed on December 29, 2008 in New York state court. In April 2009, the LLC and the L.P. entered into an asset contribution agreement under which the L.P. assumed ownership of, *inter alia*, "all [the LLC's] claims, causes of action and other legal rights and remedies."[3] This particular cause of action was listed later in the agreement among "Learning Annex Possible Claims" alongside the precise date upon which the suit was filed.[4] In May 2009, the case was removed to federal court.[5]

## III.    APPLICABLE LAW

### A.     Rule 25

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original

---

[2] This Memorandum Opinion assumes familiarity with the background and procedural posture of this case, as described in *Learning Annex Holdings, LLC v. Whitney Educ. Grp., Inc.*, 765 F. Supp. 2d 403 (S.D.N.Y. 2011) and *Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09 Civ. 4432, 2011 WL 2732550 (S.D.N.Y. July 11, 2011).

[3] Asset Contribution Agreement by and between The Learning Annex, L.P. and Learning Annex, LLC, Defendants' Trial Exhibit AA ("Ex. AA"), at LA 18072.

[4] *See id.* at LA 18180.

[5] *See* Notice of Removal [Docket No. 1].

party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."[6] Permitting the addition or substitution of one party pursuant to Rule 25 (c) "is a discretionary matter for the trial court."[7] In fact, "'[t]he most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred.'"[8]

"The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution [or joinder] will expedite and simplify the action."[9] The rule's purpose is "to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit."[10] "Although substitution [or joinder] usually is effected during the course of litigation, substitution is appropriate even after final judgment or on appeal if the transfer of

---

[6] Fed. R. Civ. P. 25(c).

[7] *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996).

[8] *Eng v. Battery City Car & Limousine Serv., Inc.*, No. 00 Civ. 1615, 2001 WL 1622262, at *7 (S.D.N.Y. Dec. 18, 2001) (quoting Charles Allen Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil 2d, § 1958).

[9] *Advanced Mktg. Grp., Inc. v. Business Payment Sys., Inc.*, No. 05 Civ. 9121, 2010 WL 3291588, at *4 (S.D.N.Y. Aug. 16, 2010) (quotation marks and citations omitted).

[10] James Wm. Moore et al., Moore's Federal Practice ¶ 25.30.

interest took place after the case was filed."[11]

## IV. DISCUSSION

The LLC's interest in this action was transferred to the L.P. while the suit was still before the state court. New York Civil Practice Rule section 1018 makes clear that upon transfer, an action can be continued by the original party; thus the LLC was not required to immediately move, upon transfer, to join the L.P. as a party. Likewise, because Rule 25 unambiguously allows the original plaintiff to continue, the LLC was not required to bring this motion immediately upon removal to federal court. In fact, adding the L.P. as a party is not now, nor will it ever be, strictly necessary.

However, adding the LP as a party will expedite and simplify this action. Now that a verdict has been entered in Learning Annex's favor, it will be easier to satisfy that judgment with the suit's rightful owner listed as a party. Rich Dad has not offered any reason why granting this motion would slow or complicate matters.

---

[11]   *Id.* ¶ 25.33[2]. *Accord Arnold Graphics Indus., Inc. v. Independent Agent Ctr.*, 775 F.2d 38 (2d Cir. 1985) (substituting a party as a successor in interest under *de facto* merger doctrine after awarding judgment against original party). New York's Civil Practice Law and Rules employ a provision identical to Rule 25. *See* N.Y. C.P.L.R. § 1018 ("Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.").

Rich Dad makes three equally unavailing arguments in opposition to plaintiffs' motion.  *First*, Rich Dad argues that the LLC lacked Article III standing after it transferred its interested to the L.P.  Rule 25 would be reduced to a nullity, however, if the original party was constitutionally barred from continuing the suit despite Rule 25's crystal clear indication to the contrary.  None of the authorities cited by Rich Dad to support this proposition are on point.[12]  *Second*, Rich Dad argues that Learning Annex is barred from adding a party because the Court refused to allow Learning Annex to amend its Complaint while Rich Dad's summary judgment motion was pending.  Yet in denying that request to amend, I stated that "I will see what the outcome of the motion is; then we will talk about leave to amend."[13]  Thus, my unwillingness to permit amendment then did not signify dismissal of plaintiffs' motion with prejudice.  *Third*, Rich Dad argues that plaintiffs' failure to join the L.P. as a party prior to trial "c[a]me at the expense of

---

[12]  *See generally W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 103 (2d Cir. 2008); *Fox v. Board of Trs. of State Univ. of New York*, 148 F.R.D. 474 (N.D.N.Y. 1993), *aff'd*, 42 F.3d 135 (2d Cir. 1994). Although plaintiff in *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 375 B.R. 719, 725 (S.D.N.Y. 2007), lost standing during the course of litigation, that loss of standing was based on that plaintiff's filing for bankruptcy.

[13]  Transcript of 8/10/10 Conference, Ex. B to Plaintiffs' Reply in Further Support of Its Motion to Add a Party Pursuant to Rule 25(c), at 35:24-25.

Rich Dad's ability to present a fair defense."[14]  This argument appears to be grounded in the theory that, had the L.P. been joined as a party prior to trial, Rich Dad would have better-developed its argument to the jury that the LLC "has already been paid for this lawsuit," thereby entitling it to no damages.[15]  However, given that Rule 25(c) explicitly permits that "[i]f an interest is transferred, the action may be continued by or against the original party," this argument — which I barred from the jury's consideration[16] — is baseless.

## V.   CONCLUSION

For the foregoing reasons, plaintiffs' motion to add Learning Annex L.P. as a party is granted.

---

[14]   Defendants' Conclusion of Argument and Opposition to Plaintiffs' Rule 25 Motion, at 14.

[15]   *See* Transcript of 7/13/11 Oral Argument [Docket No. 105] at 867 ("[T]he argument that I'm making to this Court and the argument I'll make to the jury is that having been paid once, there can be no unjust enrichment.") (John Rapoport, counsel for defendants).

[16]   *See id.*

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          August 3, 2011

## -Appearances-

**For Plaintiffs:**

Jonathan Harris, Esq.
Julie Withers, Esq.
Charlotte Houghteling, Esq.
Harris Cutler & Houghteling LLP
111 Broadway, Suite 402
New York, New York 10006
(212) 397-3370

David Deitch, Esq.
Ifrah PLLC
1627 Eye Street NW, Suite 1100
Washington, D.C. 20006
(202) 524-4147

**For Defendants:**

John D. Rapoport, Esq.
John D. Rapoport, PC
c/o Marulli, Lindenbaum, LLP
5 Hanover Square, 4th Floor
New York, New York 10022
(914) 588-3415