UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

LEARNING ANNEX HOLDINGS, LLC
LEARNING ANNEX, LLC, and
LEARNING ANNEX, L.P.

       Plaintiffs,

   - against -

RICH GLOBAL, LLC, and
CASHFLOW TECHNOLOGIES, INC.,

       Defendants.
------------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER
09 Civ. 4432 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

On July 13, 2011, in a suit brought by Learning Annex Holdings, LLC and Learning Annex, LLC (together "Plaintiffs" or "Learning Annex") against Rich Global, LLC and Cash Flow Technologies, Inc. (together, "Defendants" or "Rich Dad"), a jury awarded approximately $14.6 million in damages to Plaintiffs on their *quantum meruit* claim. The parties returned to Court shortly thereafter to separately argue Learning Annex's unjust enrichment claim, which this Court had previously determined to be an equitable claim. For the reasons discussed below, Plaintiffs' unjust enrichment claim is now dismissed.

## II.  LEGAL BACKGROUND[1]

In deciding Rich Dad's motion for summary judgement, I reasoned that

> [*q*]*uantum meruit* and unjust enrichment may be analyzed together as a single quasi-contract claim.  This is because unjust enrichment is a required element for an implied-in-law, or quasi contract, and *quantum meruit* . . . is one measure of liability.  It therefore stands to reason that a plaintiff must show unjust enrichment before it can recover under *quantum meruit*.[2]

Later, when Rich Dad moved for judgment as a matter of law on Plaintiffs' unjust enrichment claim, I explained that

> because the question of whether defendant has been "unjustly enriched" or should "in equity and good conscience" repay is a question for the Court after the jury has determined whether the facts are as claimed, I need not decide Rich Dad's motion at this time.  *See* 2 New York Pattern Jury Instructions: Comment to Instruction No. 4:2 ("It should . . . never be left to the jury to say whether defendant has been 'unjustly enriched' or should 'in

---

[1]  This Opinion assumes familiarity with the background and procedural posture of this case, as described in *Learning Annex Holdings, LLC v. Whitney Educ. Grp., Inc.*, 765 F. Supp. 2d 403 (S.D.N.Y. 2011) ("Summary Judgment Opinion") (granting Defendants summary judgment on all claims except for breach of duty to negotiate in good faith, *quantum meruit*, and unjust enrichment); *Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09 Civ. 4432, 2011 WL 2732550 (S.D.N.Y. July 11, 2011) ("Rule 50(a) Opinion") (denying Defendants' motion for judgment as a matter of law); *Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09 Civ. 4432, 2011 WL 3423927 (S.D.N.Y. Aug. 3, 2011) ("Rule 25(c) Opinion") (granting Plaintiffs' motion to join Learning Annex, L.P. as a plaintiff).

[2]  Summary Judgment Opinion, 765 F. Supp. 2d at 413.

equity and good conscience' repay."). Thus, once the jury makes the requisite findings of fact and returns a verdict on the *quantum meruit* claim, the Court will determine whether Rich Dad was unjustly enriched and therefore whether any verdict in Plaintiffs' favor on the *quantum meruit* claim may be sustained.[3]

Nevertheless, I charged the jury as to both *quantum meruit* and unjust enrichment, instructed the jury to "analyze these claims separately,"[4] and took an advisory verdict on unjust enrichment.[5] The jury returned a verdict in Plaintiffs' favor on both claims.

## III.   APPLICABLE LAW

### A.   Law of the Case

"The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[6] "However, the doctrine 'is, at best, a discretionary

---

[3]   Rule 50(a) Opinion, 2011 WL 2732550, at *1 n.3.

[4]   *Learning Annex Holdings, LLC v. Rich Global, LLC* Jury Charge at 14; *Learning Annex Holdings, LLC v. Rich Global, LLC* Trial Transcript at 989.

[5]   *See Koppel v. 4987 Corp.*, Nos. 96 Civ. 7570, 97 Civ. 1754, 2001 WL 47000, at *12 (S.D.N.Y. Jan. 19, 2001) (after "plaintiffs' claim of unjust enrichment, an equitable claim, was submitted to the jury for an advisory verdict," and jury found for defendants, court held that "the facts established at trial do not compel a finding that 'equity and good conscience' require restitution"); *see also* Rule 50(a) Opinion, 2011 WL 2732550, at *6 & n.35.

[6]   *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (quoting *Liona Corp. v. PCH Assocs. (In Re PCH Assocs.)*, 949 F.2d 585,

doctrine, which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.'"[7]  As on a motion for reconsideration, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[8]  "In any event the doctrine of law of the case 'permits a change of position if it appears that the court's original ruling was erroneous.'"[9]

### B. *Quantum Meruit*/Unjust Enrichment

Neither the New York Court of Appeals nor the Second Circuit (interpreting New York law) has explained precisely how to proceed when both *quantum meruit* and unjust enrichment are pled.  Claims for *quantum meruit* and unjust enrichment require proof of distinct elements.[10]  While both theories of

---

592 (2d Cir. 1991)).

[7] *Doctor's Assocs. Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) (quoting *United States v. Martinez*, 987 F.2d 920, 923 (2d Cir. 1993)).

[8] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478).

[9] *DiLaura*, 982 F.2d at 77 (quoting *Kinsman Transit Co. v. City of Buffalo*, 388 F.2d 821, 825 n.9 (2d Cir. 1968)).

[10] *Compare Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quotation marks and citation omitted) ("In order to recover in quantum meruit under New York law, a claimant

relief are designed to prevent unjust enrichment,[11] courts have distinguished the causes of action based on the type of, and "rationale for[,] the relief sought."[12]  Yet

---

must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services."), *with Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009) (emphasis added) (quotation marks and citation omitted) ("A claimant seeking relief under a theory of unjust enrichment in New York must demonstrate (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) *that equity and good conscience require restitution*.").

[11]   *See, e.g.*, *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 118 (2d Cir. 2006) (emphasis added) ("[W]here a valid agreement exists between the parties, an action in quantum meruit *to prevent unjust enrichment* ordinarily is not available."); *Matter of Cooperman*, 83 N.Y.2d 465, 473 (1994) (emphasis added) (quotation marks omitted) (describing *quantum meruit* as "a principle inherently *designed to prevent unjust enrichment*"); *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 38 (S.D.N.Y. 1991) (emphasis added) (citing Black's Law Dictionary 649 (abridged 5th ed.)) ("Quantum meruit, meaning 'as much as he deserves,' is an expression that describes the extent of liability on a contract implied in law *in order to prevent a party's unjust enrichment*."); 22A Laura Hunter Dietz et al., *N.Y. Jur. 2d Contracts* § 609 (emphasis added) (citations omitted) ("The doctrine of *quantum meruit* is used as a device *for the prevention of unjust enrichment* of one party at the expense of another in the absence of a valid contract on which liability may be based.").

[12]   4A Robert L. Haig, *New York Prac., Commercial Litig. in New York State Courts* § 71:12 (3d ed.) ("The *quantum meruit* and unjust enrichment rubrics relate not so much to the form of action as to the rationale for the relief sought. *Quantum meruit* applies where justice requires that the plaintiff be paid the reasonable market value of his or her performance, while unjust enrichment invokes the value to the defendant of plaintiff's performance, which is not necessarily the same as its market value."); *accord Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 768 F. Supp. 89, 96 (S.D.N.Y. 1991), *rev'd on other grounds*, 959 F.2d 425 (2d Cir. 1992) ("[Q]uantum meruit . . . is one measure of liability for the breach of [of an implied-in-law] contract.").

5

the "reasonable value of the services rendered" is a proper measure of damages under both theories of relief.[13] Moreover, under New York law, courts "may analyze *quantum meruit* and unjust enrichment together as a single quasi contract claim,"[14] or as a single claim for unjust enrichment.[15]

---

[13] *Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009) (quotation marks and citation omitted) ("Recovery on [a claim for unjust enrichment] is limited to the reasonable value of the services rendered by the plaintiff."); *New Windsor*, 442 F.3d at 118 (quoting *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 97 (2d Cir. 1994)) ("In the event that the breaching party is entitled to recover on such an unjust enrichment theory, the amount to which he is entitled is measured . . . by 'the reasonable value of services rendered.'"); *Collins Tuttle & Co., Inc. v. Leucadia, Inc.*, 544 N.Y.S.2d 604, 605 (1st Dep't 1989) (citing *Isaacs v. Incentive Sys.*, 382 N.Y.S.2d 69 (1st Dep't 1976)) ("Recovery on a claim premised upon quasi-contract or unjust enrichment is limited to the reasonable value of the services rendered by the plaintiff.").

[14] *Mid-Hudson Catskill*, 418 F.3d at 175 ("Applying New York law, we may analyze *quantum meruit* and unjust enrichment together as a single quasi contract claim."); *accord Seiden Assocs., Inc.*, 768 F. Supp. at 96 ("[Q]uantum meruit and unjust enrichment are not separate causes of action. . . . Therefore, I consider plaintiff's [*quantum meruit* and unjust enrichment claims] to be a single claim for recovery on an implied-in-law contract.").

[15] *See Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996) ("Counts Two and Three for *quantum meruit* and unjust enrichment were quite properly subsumed by the district court into a single count for restitution."); *Rule v. Brine*, 85 F.3d 1002, 1011 (2d Cir. 1996) (emphasis added) (quoting *Bradkin v. Leverton*, 26 N.Y.2d 192, 196, 197 (1970) and *Miller v. Schloss*, 218 N.Y. 400, 407 (1916)) ("If the plaintiff fails to prove a valid contract, the court may nonetheless allow *recovery in quantum meruit* 'to assure a just and equitable result,' where 'the defendant received a benefit from the plaintiff's services under circumstances which, in justice, preclude him from denying an obligation to pay for them.' Such a *recovery for unjust enrichment* is permissible 'when and because the acts of the parties or others have placed in the possession of

## IV.  DISCUSSION

Although the law of this case is that unjust enrichment is a prerequisite to (or element of) *quantum meruit*, I now conclude that this holding was clearly erroneous.  While I correctly held that Plaintiffs' *quantum meruit* and unjust enrichment claims should be analyzed together, it was error to require proof of unjust enrichment in order to sustain recovery under *quantum meruit*.

The *quantum meruit* claim was properly tried before a jury, which rendered a verdict and awarded damages.  Today's decision does not in any way affect that verdict.  But there is now no need to proceed on the unjust enrichment claim.  The jury found an implied-in-law contract and awarded the reasonable value of the services rendered.  While "principles of equity and good conscience" were not implicated in the jury's decision and will not now be addressed by this Court, these considerations do not affect any of the elements of a claim for *quantum meruit* – a claim into which concurrent claims for unjust enrichment are properly "subsumed."[16]  Perhaps this is because, upon a jury's finding of an implied-in-law contract, one party's failure to pay the reasonable value of services

---

one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which ex aequo et bono belongs to another.'").

[16]    *Newman & Schwartz*, 102 F.3d at 663.

rendered under that contract necessarily amounts to unjust enrichment. Thus, once the jury awarded damages in *quantum meruit*, it essentially cured, or "prevent[ed, any] unjust enrichment."[17] As such, the Court need not, and should not, separately decide that claim, which should have been "analyze[d] . . . as a single quasi contract claim"[18] alongside Plaintiffs' *quantum meruit* claim. Nevertheless, the principles of equity and good conscience may yet be considered when the court evaluates whether the jury's damages award "'deviates materially from what would be reasonable compensation.'"[19]

## V.   CONCLUSION

For the aforementioned reasons, Learning Annex's unjust enrichment claim is dismissed. If Defendants wish to file a post-trial motion, they may now do so. Defendants may raise any issue they deem appropriate but should address the propriety of the jury's award of damages. The moving brief is due within thirty (30) days of the date of this order; the opposition brief is due thirty (30) days later; and the reply is due fifteen (15) days after submission of the opposition.

---

[17]   *New Windsor*, 442 F.3d at 118.

[18]   *Mid-Hudson Catskill*, 418 F.3d at 175.

[19]   *Cross v. New York City Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005) (quoting N.Y. C.P.L.R. § 5501(c)). "This standard 'calls for closer surveillance than shock the conscience oversight.'" *Id.* (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 424 (1996)).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
August 12, 2011

## -Appearances-

**For Plaintiffs:**

Jonathan Harris, Esq.
Julie Withers, Esq.
Charlotte Houghteling, Esq.
Harris Cutler & Houghteling LLP
111 Broadway, Suite 402
New York, New York 10006
(212) 397-3370

David Deitch, Esq.
Ifrah PLLC
1627 Eye Street NW, Suite 1100
Washington, D.C. 20006
(202) 524-4147

Edwin G. Schallert, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue, 31st Floor
New York, New York 10022
(212) 909-6000


**For Defendants:**

John D. Rapoport, Esq.
John D. Rapoport, PC
c/o Marulli, Lindenbaum, LLP
5 Hanover Square, 4th Floor
New York, New York 10022
(914) 588-3415

Lewis Richard Clayton, Esq.
Daniel J. Leffell. Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3215