# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/11

August 18, 2011

> *Handwritten order:* Plaintiffs' request is granted. The clerk of the court is directed to enter final judgment on Plaintiffs' quantum meruit and unjust enrichment claims. Plaintiffs may brief "the unjust enrichment issues" simultaneous with the briefs submitted by Defendants on the quantum meruit claim, pursuant to the following briefing schedule:
> 9/10: Defendants' moving papers (25pp.) (quantum meruit)
> 10/11: Plaintiffs' moving papers (unjust enrichment) and opposition papers (50 pp.)
> 10/25: Defendants' reply and opposition papers (40pp.)
> 11/8: Plaintiffs' reply papers (15 pp.)
> So ordered.
> Shira A. Scheindlin
> U.S.D.J.
> 8/19/11

BY FACSIMILE

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

**Learning Annex Holdings, LLC et al v. Rich Dad Education, LLC et al.,
Civil Action No. 09-4432 (SAS/GWG)**

Dear Judge Scheindlin:

Along with Harris, Cutler & Houghteling LLP, we represent Plaintiffs in the above-referenced matter. Now that the Court's Order of August 12, 2011 has dismissed the only remaining claim in the case, we respectfully request pursuant to Rule 58 that judgment be entered promptly. *See* Fed. R. Civ. P. 58, Advisory Comm. Note ("Rule 58 is designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided.").

First, as to Plaintiffs' *quantum meruit* claim, the jury found in their July 13, 2011 verdict against Rich Global, LLC and Cash Flow Technologies, Inc. that Plaintiffs proved all of the elements for *quantum meruit* and awarded $14,688,194.00 in damages, plus interest running from March 1, 2007. Accordingly, entry of judgment on that claim is appropriate.

Second, with respect to the dismissal of Plaintiffs' unjust enrichment claim as superfluous, we respectfully disagree with that ruling. While Plaintiffs would not be entitled to duplicative damages, we believe that unjust enrichment and *quantum meruit* are different claims, that liability must be determined as to each claim, and that there is sufficient evidence to support the jury finding with respect to the unjust enrichment claim.

Plaintiffs suggest that the most efficient way to proceed is to have judgment entered on both claims and have Plaintiffs brief the unjust enrichment issues simultaneously with the briefs to be submitted by Defendants on the *quantum meruit*

Hon. Shira A. Scheindlin 2 August 18, 2011

claim in accordance with the Court's August 12 Order. This approach will foster efficiency and judicial economy by avoiding any potential for two rounds of post-trial motions (one now and one after judgment is entered).

Thank you for your attention to this matter.

Respectfully submitted,

Edwin G. Schallert

cc: Jonathan Andrew Harris, Esq.
jharris@hcchlaw.com

John D. Rapoport, Esq.
jdr1210@aol.com

Daniel J. Leffell, Esq.
dleffell@paulweiss.com

Lewis Richard Clayton, Esq.
lclayton@paulweiss.com

VIA EMAIL for most expedited delivery