UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LEARNING ANNEX HOLDINGS, LLC,
LEARNING ANNEX, LLC, and
and LEARNING ANNEX, L.P.,

                Plaintiffs,

                                             09-CV-4432 (SAS/GWG)

     - against -

RICH GLOBAL, LLC and
CASHFLOW TECHNOLOGIES, INC.,

                Defendants.
------------------------------------------------------------------x

## PLAINTIFFS' REQUESTED PRE-TRIAL STATEMENT
## TO THE JURY, JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

Jonathan Harris
Julie Withers
Alexander Sakin
Harris Cutler & Houghteling LLP
111 Broadway, Suite 402
New York, New York 10006
Tel. (212) 397-3370
Fax (212) 202-6206
Jon@harrislawny.com

Edwin G. Schallert
Michael Schaper
Megan K. Bannigan
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022

David Deitch
Ifrah PLLC
1717 Pennsylvania Ave, NW, Suite 650
Washington DC 20006
*Attorneys for Plaintiffs*

1

Plaintiffs respectfully submit the following requests for: (1) pre-trial statement to the jury; (2) jury instructions; and (3) a special verdict form.

### PLAINTIFFS' REQUESTED PRE-TRIAL STATEMENT TO THE JURY

Let me tell you briefly what this case is about and the specific question you will be asked to decide.

This case was brought by the Learning Annex companies against Rich Dad.  The Learning Annex is in the business of producing, marketing, promoting and conducting educational seminars, lectures, classes and workshops on various subjects.  Rich Dad is a privately held company in the business of, among other things, writing and promoting books and providing education about personal financial literacy.[1]

Robert Kiyosaki, the owner of Rich Dad, and Bill Zanker, an owner and the President of Learning Annex, commenced a business relationship in or about 2001.  In or about 2005, Learning Annex and Rich Dad began to discuss an expanded business relationship, including discussions about Rich Dad becoming involved in a new line of business, known as the free seminar business.[2]

On September 7, 2005, Learning Annex and Rich Dad representatives met at Rich Dad's offices in Phoenix, Arizona.  After the meeting, the parties executed a memorandum of understanding.[3]  You may hear that document referred to as MOU1.  This was a non-binding legal document.  One aspect of MOU1 was that Learning Annex would assist Rich Dad in entering the free seminar business.  Rich Dad ultimately authorized Learning Annex to speak to

---

[1]      *Learning Annex v. Rich Global*, No. 09-CV-4432 (dkt. 82) Jun. 10, 2011 Joint Pretrial Order, Undisputed Facts ¶¶ 1, 3.

[2]      *Id.* ¶¶ 2-6.

[3]      *Id.* ¶ 7

2

third parties, including a company called Whitney, on behalf of Rich Dad to build the Rich Dad free seminar business. After a series of events you will hear about during this trial, Rich Dad and Whitney entered into a deal for the free seminar business.[4]

This trial involves a claim of *quantum meruit*. *Quantum meruit* is a Latin term and it means "for the amount deserved." The legal doctrine of *quantum meruit* provides that in certain circumstances, a party may recover the fair and reasonable value of services it has provided to another party, even if there is no legally binding contract between them.[5]

There are four elements to a *quantum meruit* claim: (1) that the plaintiff rendered services in good faith to the defendant; (2) that the defendant accepted those services; (3) that the plaintiff performed those services with a reasonable expectation of being compensated; and (4) the reasonable value of those services.[6]

A jury has already found that Learning Annex established the first three elements of *quantum meruit*. More specifically, the jury determined that (1) Learning Annex rendered services related to the free seminar business in good faith to Rich Dad; (2) Rich Dad accepted those services; and (3) Learning Annex performed those services with a reasonable expectation of being compensated.

You must abide by the findings of the jury in the first trial. In other words, Rich Dad's liability has already been established and cannot be questioned. The single issue in this trial for you to decide is the amount of damages that should be paid to Learning Annex for the services it provided to Rich Dad in relation to the free seminar business. So the only issue you are being

---

[4]     *Id. ¶¶ 8-10.*
[5]     Trial Tr. at 990:4-9.
[6]     *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

asked to decide is how much in damages should be awarded to the Learning Annex plaintiffs. [7]

---

[7]     *Learning Annex v. Rich Global*, No. 09-CV-4432, dkt. entry no. 142, Jan. 11, 2012 Opinion and Order (ordering new trial on damages only); 4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Comment to Instruction No. 71-11 (2011).

**<u>PLAINTIFFS' REQUESTED JURY INSTRUCTIONS</u>**

Instruction No. 1: Before Deliberations: Liability/Quantum Meruit Summary…………………..7
Instruction No. 2: Reasonable Value of Services…………………………………………………8
Instruction No. 3: Depositions……………………………………………………………………...10
Instruction No. 4: Expert Witnesses……………………………………………………………11

*Instruction No. 1*

**Before Deliberations: Liability/Quantum Meruit Summary**

As you know, this case has already been tried once, and many of the issues have already been decided.  Those findings are as follows:

First, that Learning Annex rendered services in good faith to Rich Dad;

Second, that Rich Dad accepted those services; and

Third, that Learning Annex performed the services with a reasonable expectation of being compensated by Rich Dad.

For the purposes of this trial, the first jury's findings are settled and conclusive.  You are not to second-guess those findings.  Your role is to determine the amount of damages to which Learning Annex is entitled.[8]

---

[8]       4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Comment to Instruction No. 71-11 (2011); *Learning Annex v. Rich Global*, No. 09-CV-4432, dkt. entry no. 142, Jan. 11, 2012 Opinion and Order (ordering new trial on damages only).

*Instruction No. 2*

### Quantum Meruit:  Reasonable Value of Service

You must determine the damages to which Learning Annex is entitled.[9]  The measure of damages is the reasonable value of services provided by Learning Annex.[10]  In determining the reasonable value of the services rendered by Learning Annex, you must be able to calculate the value of Learning Annex's services with reasonable certainty.[11]  You may not include amounts based upon speculation or guesswork.[12]

What is the reasonable value of services provided?  It is the amount for which such services could have been purchased from one in the Learning Annex's position at the time and place the services were rendered, or the amount for which Rich Dad could have obtained services under like circumstances.[13]

In determining the reasonable value of services for which Learning Annex is entitled to compensation, you may consider the character of the services; the nature and importance of the potential investment; the degree of responsibility imposed or incurred; the amount or value involved; the length of time spent; the ability, skill and experience required and exercised; the character qualifications and standing of Learning Annex; and the results achieved.[14]

Compensation is often based on an hourly rate for the amount of time that the services are rendered, unless there is a clear and accepted marketplace convention that differs.[15]  There

---

[9]      Trial. Tr. at 998:10-11.
[10]     *Id.* at 998:20-22.
[11]     *Id.* at 999:1-3.
[12]     *Id.* at 999:3-4.
[13]     *Id.* at 999:23-1000:3.
[14]     *Id.* at 1000:4-12.
[15]     *Id.* at 1000:13-14.

are, however, exceptions to the common practice of awarding damages on the basis of an hourly rate when clear and accepted marketplace conventions establish a different method of compensation.[16]  For example, real estate and other business brokers and finders are generally compensated by percentages of the purchase price customary to the locality or the business.[17]  Another example is where the value of the benefit conferred is likely to be disproportionate to the value of the services rendered, causing unjust and inequitable results if compensation were to be based on hourly rates rather than the benefits that were appropriated.[18]

Learning Annex asks you to calculate the reasonable value of services rendered by reference to a percentage of Rich Dad's revenues received from the free seminar business.[19]  To be entitled to damages on such a basis, Learning Annex must prove (1) that there are clear and accepted marketplace conventions under which certain services are compensated based on a percentage of revenues and that Learning Annex performed those services;[20] or (2) that the value of the benefit conferred on Rich Dad is likely to be disproportionate to the value of the services rendered, causing unjust and inequitable results if compensation were to be based on hourly rates rather than the benefits that were appropriated.[21]

---

[16]     *Id.* at 1000:14-18.
[17]     *Id.* at 1000:18-20.
[18]     *Carlino v. Kaplan*, 139 F.Supp.2d 563, 565 (S.D.N.Y 2001); *see, e.g., Matarese v. Moore-McCormack Lines*, 158 F.2d 631, 635-36 (2d Cir.1947); *Dean v. Kenyon & Eckhardt, Inc.*, 240 N.Y.S.2d 551, 552 (N.Y. Sup. 1963).
[19]     Trial. Tr. at 1000:21-23.
[20]     *Id.* at 1000:23-1001:4.
[21]     *Carlino*, 139 F.Supp.2d at 565; *see, e.g., Matarese*, 158 F.2d at 635-36; *Dean*, 240 N.Y.S.2d. at 552.

8

*Instruction No. 3*

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence.  A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.[22]

---

[22] 4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Instruction No. 74-14 (2002).

*Instruction No. 4*

**Expert Witnesses**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.[23]

---

[23]   4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Instruction No. 76-9 (2011).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                   :

LEARNING ANNEX HOLDINGS, LLC       :
And LEARNING ANNEX, LLC,         :
                                     :
                     Plaintiffs,     :
                                     :
      v.                           :  No. 09 Civ. 4432 (SAS)
                                     :
RICH GLOBAL, LLC and               :
CASHFLOW TECHNOLOGIES, INC.,   :
                                     :
                    Defendant.     :
_____:

## **SPECIAL VERDICT FORM**

We, the jury, unanimously respond to the following question:

   1.  What is the reasonable value of the services rendered by Learning Annex to Rich Dad in
       connection with the free seminar business?

     $_____

_____

Date                                      Foreperson