UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEARNING ANNEX HOLDINGS, LLC,
LEARNING ANNEX, LLC, and
LEARNING ANNEX, L.P.,

                Plaintiffs,

           v.

RICH GLOBAL, LLC and
CASHFLOW TECHNOLOGIES, INC.,

              Defendants.

---

09 Civ. 4432 (SAS) (GWG)
ECF Case

 

**DEFENDANT RICH GLOBAL LLC'S OBJECTIONS TO
PLAINTIFFS' REQUESTED PRE-TRIAL STATEMENT TO THE JURY,
<u>JURY INSTRUCTIONS AND SPECIAL VERDICT FORM</u>**

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
Lewis R. Clayton
Daniel J. Leffell
John H. Longwell
1285 Avenue of the Americas
New York, New York 10019
Tel.  (212) 373-3000

*Attorneys for Defendant*

Pursuant to Paragraph 17 of the Joint Pretrial Order of March 26, 2012, Defendant Rich Global, LLC respectfully submits the following objections to Plaintiffs' pre-trial statement to the jury, jury instructions, and special verdict form.

General objections:  Plaintiffs' proposed instructions present an inaccurate, confusing, and prejudicial view of the facts of this case, the proper scope of the jury's duty in this retrial, and the relevant law.

In particular, Plaintiffs would have the Court emphasize now-irrelevant evidence of the parties' prior relationship and purported understandings or expectations that are improper for the jury to consider in calculating the reasonable value of the services related to the development of the free seminar business.  In addition, Plaintiffs' proposed instructions and verdict form improperly downplay the general rule that liability for services in *quantum meruit* should be based on an hourly rate.  Plaintiffs' proposed instructions would instead have the Court provide a misleadingly broad description of purported exceptions to that general rule that, if the law, would swallow the usual rule whole.  And Plaintiffs' proposed verdict form would not require the jury specifically to find that Plaintiffs have proved a clear and accepted marketplace convention, the narrow exception upon which Plaintiffs rely.

Defendant believes it is critical in this retrial that the jury be instructed in such a manner to avoid the erroneous result in the first trial.  Defendant submits that in order to accomplish this, at least two considerations should be paramount.

*First*, the Court should avoid any instruction that would allow the jury to be influenced by irrelevant and improper considerations of Learning Annex's unfounded expectations of participation in the free seminar venture or any allegedly improper

- 2 -

conduct by Defendant in excluding Learning Annex from that venture.  Plaintiffs'
proposed instructions improperly invite the jury to award contract expectation damages
and punitive damages, rather than the reasonable value of the services Learning Annex
actually performed.  Put simply, this is *not* a fraud or contract case, and Learning Annex
should not be permitted to try it as one.

       *Second*, the Court should carefully distinguish between the general rule
that the reasonable value of services in *quantum meruit* should be based on an hourly
rate, on the one hand, and the narrow exception upon which Plaintiffs rely, on the other.
Plaintiffs' efforts to blur this line, which are critical to their apparent objective of seeking
tort or contract-style damages, should be rejected.

       Plaintiffs' proposed instructions and verdict form fail to satisfy either of
these key objectives.  For these reasons, and for the reasons discussed in Defendant's
motions *in limine*, Defendant respectfully requests that the Court adopt Defendant's
proposed instructions and verdict form.

       Specific objections:  Below, in brackets and boldface type, are
Defendant's objections to Plaintiffs' proposed instructions and verdict form, included
within the text of Plaintiffs' proposals.

### OBJECTIONS TO PLAINTIFFS' REQUESTED PRE-TRIAL STATEMENT TO THE JURY

      Let me tell you briefly what this case is about and the specific question you will
be asked to decide.

      This case was brought by the Learning Annex companies against Rich Dad.

**[Objection:  "Rich Dad" should be "Rich Global," the only defendant remaining in
this case.  Reference to the prosecution of the case should be in the present tense.]**

- 3 -

The Learning Annex is in the business of producing, marketing, promoting and conducting educational seminars, lectures, classes and workshops on various subjects. Rich Dad is a privately held company in the business of, among other things, writing and promoting books and providing education about personal financial literacy.[1] **[*See* previous objection.  In addition, instruction misstates the business of Rich Global, which is an entity created for the purpose of engaging in the free seminar venture with Whitney.]**

Robert Kiyosaki, the owner of Rich Dad, and Bill Zanker, an owner and the President of Learning Annex, commenced a business relationship in or about 2001. **[Objection:  The parties' prior relationship is not relevant to the narrow issues in this retrial and reference to it by the Court threatens undue prejudice.  *See* Defendant's Motions *in Limine*, #2, #4; Fed. R. Evid. 402, 403.]**  In or about 2005, Learning Annex and Rich Dad began to discuss an expanded business relationship, including discussions about Rich Dad becoming involved in a new line of business, known as the free seminar business.[2]  **[Objection:  Such discussions are irrelevant and reference to them by the Court threatens undue prejudice.  *See* Defendant's Motions *in Limine*, #3, #4; Fed. R. Evid. 402, 403.]**

On September 7, 2005, Learning Annex and Rich Dad representatives met at Rich Dad's offices in Phoenix, Arizona.  **[Objection:  Such a meeting is irrelevant and reference to it by the Court threatens undue prejudice.  *See* Defendant's Motions *in Limine*, #3, #4; Fed. R. Evid. 402, 403.]**  After the meeting, the parties executed a

---

[1]    *Learning Annex v. Rich Global*, No. 09-CV-4432 (dkt. 82) Jun. 10, 2011 Joint Pretrial Order, Undisputed Facts ¶¶ 1, 3.

[2]    *Id.* ¶¶ 2-6.

memorandum of understanding.[3]  **[Objection:  The memorandum of understanding and the parties' expectations thereunder are irrelevant and reference to them by the Court would be unduly prejudicial.  *See* Defendant's Motions *in Limine*, #3, #4, and #5; Fed. R. Evid. 402, 403.]**  You may hear that document referred to as MOU1.  **[*See* previous objection.]**  This was a non-binding legal document.  **[*See* previous objection.]**  One aspect of MOU1 was that Learning Annex would assist Rich Dad in entering the free seminar business.  **[*See* previous objection.]**  Rich Dad ultimately authorized Learning Annex to speak to third parties, including a company called Whitney, on behalf of Rich Dad to build the Rich Dad free seminar business.  **[*See* previous objection.]**  After a series of events you will hear about during this trial, Rich Dad and Whitney entered into a deal for the free seminar business.[4]  **[Objection: "Rich Dad" should be "Rich Global."]**

This trial involves a claim of *quantum meruit*.  *Quantum meruit* is a Latin term and it means "for the amount deserved."  **[Objection:  The sole issue for retrial is the reasonable value of services provided by Learning Annex related to the development of the free seminar business.  The Latin translation of a cause of action involving other elements, as well as a statement of the elements themselves, is irrelevant and threaten to confuse the jury.  *See* Fed. R. Evid. 402, 403.]**  The legal doctrine of *quantum meruit* provides that in certain circumstances, a party may recover the fair and reasonable value of services it has provided to another party, even if there is no legally binding contract between them.[5]  **[*See* previous objection.]**

---

[3]   *Id.* ¶ 7

[4]   *Id.* ¶¶ 8-10.

[5]   Trial Tr. at 990:4-9.

There are four elements to a *quantum meruit* claim: (1) that the plaintiff rendered services in good faith to the defendant; (2) that the defendant accepted those services; (3) that the plaintiff performed those services with a reasonable expectation of being compensated; and (4) the reasonable value of those services.[6]  **[*See* previous objection.]**

A jury has already found that Learning Annex established the first three elements of *quantum meruit*.  **[Objection:  The jury verdict in the first trial, which has been set aside by the Court, is irrelevant, and reference to it by the Court threatens confusion and undue prejudice.  *See* Fed. R. Evid. 402, 403.]**  More specifically, the jury determined that (1) Learning Annex rendered services related to the free seminar business in good faith to Rich Dad; (2) Rich Dad accepted those services; and (3) Learning Annex performed those services with a reasonable expectation of being compensated.  **[*See* previous objection.  In addition, the special verdict form in the first trial did not enumerate the elements of the claim in the way the proposed instruction suggests.]**

You must abide by the findings of the jury in the first trial.  **[*See* previous objection.]**  In other words, Rich Dad's liability has already been established and cannot be questioned.  **[*See* previous objection.]**  The single issue in this trial for you to decide is the amount of damages that should be paid to Learning Annex for the services it provided to Rich Dad in relation to the free seminar business.  **[Objection:  Reference by the Court to "damages that should be paid" threatens undue prejudice and jury confusion by implying that some damages must be paid: the issue for the jury is the "reasonable value of services related to the free seminar business."  *See* Fed. R.**

---

[6]     *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

**Evid. 403.]**  So the only issue you are being asked to decide is how much in damages should be awarded to the Learning Annex plaintiffs.[7]  **[*See* previous objection.]**

---

[7]       *Learning Annex v. Rich Global*, No. 09-CV-4432, dkt. entry no. 142, Jan. 11, 2012 Opinion and Order (ordering new trial on damages only); 4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Comment to Instruction No. 71-11 (2011).

## OBJECTIONS TO PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

*Instruction No. 1*

### Before Deliberations: Liability/Quantum Meruit Summary

As you know, this case has already been tried once, and many of the issues have already been decided.  Those findings are as follows:

First, that Learning Annex rendered services in good faith to Rich Dad;

Second, that Rich Dad accepted those services; and

Third, that Learning Annex performed the services with a reasonable expectation of being compensated by Rich Dad.

For the purposes of this trial, the first jury's findings are settled and conclusive. You are not to second-guess those findings. Your role is to determine the amount of damages to which Learning Annex is entitled.[8]

**[*See* previous objections: (1) irrelevance and prejudicial effect of reference by the Court to elements not in issue and jury verdict that has been set aside; (2) lack of enumeration of elements in first jury verdict; and (3) reference by the Court to Learning Annex being entitled to "damages."]**

---

[8] 4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Comment to Instruction No. 71-11 (2011); *Learning Annex v. Rich Global*, No. 09-CV-4432, dkt. entry no. 142, Jan. 11, 2012 Opinion and Order (ordering new trial on damages only).

*Instruction No. 2*

**Quantum Meruit: Reasonable Value of Service**

You must determine the damages to which Learning Annex is entitled.[9]  **[*See*

previous objections re: "damages to which Learning Annex is entitled."]**  The

measure of damages is the reasonable value of services provided by Learning Annex.[10]

**[Objection:  Omits qualification that only services at issue are those "related to the

development of the free seminar business."]**  In determining the reasonable value of the

services rendered by Learning Annex, you must be able to calculate the value of Learning

Annex's services with reasonable certainty.[11]  You may not include amounts based upon

speculation or guesswork.[12]

What is the reasonable value of services provided?  It is the amount for which

such services could have been purchased from one in the Learning Annex's position at

the time and place the services were rendered, or the amount for which Rich Dad could

have obtained services under like circumstances.[13]

In determining the reasonable value of services for which Learning Annex is

entitled to compensation, you may consider the character of the services; the nature and

importance of the potential investment; the degree of responsibility imposed or incurred;

the amount or value involved; the length of time spent; the ability, skill and experience

required and exercised; the character qualifications and standing of Learning Annex; and

---

[9]      Trial. Tr. at 998:10-11.

[10]     *Id.* at 998:20-22.

[11]     *Id.* at 999:1-3.

[12]     *Id.* at 999:3-4.

[13]     *Id.* at 999:23-1000:3.

the results achieved.[14]  **[Objection:  Although the Court gave a similar instruction at the first trial, Defendant respectfully submits that this formulation is confusing and invites the jury to consider improper evidence of the value ultimately derived by the defendant from the services at issue.  *See, e.g., Carlino* v. *Kaplan*, 139 F. Supp. 2d 563, 565 (S.D.N.Y. 2001) (citing cases for the proposition that *quantum meruit* damages are not based upon value defendant derived); *Barry M. Gold & Co.* v. *Lockton Ins. Brokers, Inc.*, No. B151693, 2002 WL 31045499, at \*5 (Cal. Ct. App. Sept. 13, 2002) ("In the case of a recovery in quantum meruit, a court errs if it instructs the jury it may measure the value of a plaintiff's services by the value a defendant has gained as a result of those services."); *see also* Fed. R. Evid. 403. Defendant especially objects on this basis to the Court instructing the jury to consider "the nature and importance of the potential investment" and "results achieved."  In addition, Defendant objects to the reference to Learning Annex being "entitled" to compensation.]**

Compensation is often based on an hourly rate for the amount of time that the services are rendered, unless there is a clear and accepted marketplace convention that differs.[15]  **[Objection:  Plaintiffs have improperly edited the Court's instruction in the first trial, which correctly stated that compensation is "usually"—not "often"—based upon an hourly rate.  *See* Trial Tr. at 1000:13-14.  In addition, the instruction should indicate that it is plaintiffs' burden to prove any exception to the usual rule. *See Davis* v. *Cornerstone Tel. Co., LLC*, 887 N.Y.S.2d 477, 479-80 (N.Y. Sup. Ct. 2009) (holding that *quantum meruit* damages would be based on an hourly rate**

---

[14]       *Id.* at 1000:4-12.

[15]       *Id.* at 1000:13-14.

where plaintiff failed to "demonstrate[] that clear and accepted marketplace conventions establish an alternative measure of valuing the services rendered") (internal quotation marks omitted).]  There are, however, exceptions to the common practice of awarding damages on the basis of an hourly rate when clear and accepted marketplace conventions establish a different method of compensation.[16]  **[Objection: Plaintiffs have improperly edited the Court's instruction in the first trial, which correctly stated that an hourly rate is the "usual practice," not the "common practice."  *See* Trial Tr. at 1000:14-18.]**  For example, real estate and other business brokers and finders are generally compensated by percentages of the purchase price customary to the locality or the business.[17]  **[Objection:  Although the Court gave a similar instruction at the first trial, Defendant respectfully submits that these examples, by referring to inapplicable roles, may confuse the jury.]**  Another example is where the value of the benefit conferred is likely to be disproportionate to the value of the services rendered, causing unjust and inequitable results if compensation were to be based on hourly rates rather than the benefits that were appropriated.[18]  **[Objection:  This is an incorrect statement of the law and misstates the authorities upon which Plaintiffs rely.  In *Carlino*, the court was referring to an exception for cases in which "a business appropriates an invention or project devised by another and would be unjustly enriched by the appropriation."  *Carlino*, 139 F. Supp. 2d at 565.  The court was not suggesting an exception to the general rule of compensation on the basis of**

---

[16]     *Id.* at 1000:14-18.

[17]     *Id.* at 1000:18-20.

[18]     *Carlino v. Kaplan*, 139 F. Supp. 2d 563, 565 (S.D.N.Y 2001); *see, e.g., Matarese v. Moore-McCormack Lines*, 158 F.2d 631, 635-36 (2d Cir.1947); *Dean v. Kenyon & Eckhardt, Inc.*, 240 N.Y.S.2d 551, 552 (N.Y. Sup. 1963).

hourly rates for any case in which defendants subsequently earned substantial profits in a business that plaintiffs allegedly helped develop.  To the contrary, the *Carlino* court cited a string of cases for the proposition that "quantum meruit recovery should [not] be based on the benefit received from plaintiff's work."  *Id.* In any event, this "misappropriation" theory of damages is inapplicable here, because it is generally confined to unjust enrichment cases not involving services that can be readily quantified on an hourly basis, as the other authorities cited by Plaintiffs make clear.  *See Matarese* v. *Moore-McCormack Lines*, 158 F.2d 631, 635-36 (2d Cir. 1947); *Dean* v. *Kenyon & Eckhardt, Inc.*, 240 N.Y.S.2d 551, 552 (N.Y. Sup. Ct. 1963); *see also ConFold Pac., Inc.* v. *Polaris Indus., Inc.*, 433 F.3d 952, 957-58 (7th Cir. 2006) (distinguishing unjust enrichment and *quantum meruit* claims). Therefore, the proposed instruction here would be legally erroneous, as well as confusing and prejudicial.  *See* Fed. R. Evid. 403.]

Learning Annex asks you to calculate the reasonable value of services rendered by reference to a percentage of Rich Dad's revenues received from the free seminar business.[19] **[Objection to reference to "Rich Dad" instead of "Rich Global." Defendant also objects to lack of instruction on how Rich Global asks the jury to calculate damages.  *See* Defendant's Requests to Charge.]**  To be entitled to damages on such a basis, Learning Annex must prove (1) that there are clear and accepted marketplace conventions under which certain services are compensated based on a percentage of revenues and that Learning Annex performed those services;[20] **[Objection: Plaintiffs have improperly edited the Court's instruction by omitting that the jury**

---

[19]     Trial. Tr. at 1000:21-23.

[20]     *Id.* at 1000:23-1001:4.

must find **"that it is appropriate to determine the compensation to which [Learning Annex] is entitled by reference to Rich [Global's] revenues," as stated by the Court in its jury instructions in the first trial.  *See* Trial Tr. at 1000:23-1001:4]** or (2) that the value of the benefit conferred on Rich Dad is likely to be disproportionate to the value of the services rendered, causing unjust and inequitable results if compensation were to be based on hourly rates rather than the benefits that were appropriated.[21]  **[*See* previous objection re: consideration of benefit to defendant;  in addition, Plaintiffs have improperly omitted the following relevant language from the Court's instructions in the first trial:  "However, if no clear and accepted marketplace convention exists, it would be improper for you to award damages on such a basis, because you would essentially be writing a contract for the parties where none was written."  Trial Tr. at 1001:4-8.]**

---

[21]     *Carlino*, 139 F. Supp. 2d at 565; *see, e.g., Matarese*, 158 F.2d at 635-36; *Dean*, 240 N.Y.S.2d. at 552.

*Instruction No. 3*

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence. A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.[22]

**[Defendant understands that the Court has its own standard instructions on issues not specific to this case, and respectfully submits that this instruction is outside the scope of the Court's request for proposed instructions from the parties.]**

---

[22]     4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Instruction No. 74-14 (2002).

*Instruction No. 4*

**Expert Witnesses**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.[23]

**[Defendant understands that the Court has its own standard instructions on issues not specific to this case, and respectfully submits that this instruction is outside the scope of the Court's request for proposed instructions from the parties.]**

---

[23]      4 L. Sand, J. Siffert, W. Loughlin, S. Reiss, N. Batterman, MODERN FEDERAL JURY INSTRUCTIONS, Instruction No. 76-9 (2011).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEARNING ANNEX HOLDINGS, LLC,
and LEARNING ANNEX, LLC,

                Plaintiffs,

                No. 09-CV-4432 (SAS)

      v.

RICH GLOBAL, LLC and
CASHFLOW TECHNOLOGIES, INC.,

                Defendants.

## SPECIAL VERDICT FORM

We, the jury, unanimously respond to the following question:

1.   What is the reasonable value of the services rendered by Learning Annex to Rich
Dad in connection with the free seminar business?

      $_____

     _____          _____

     Date                  Foreperson

**[Objection:  Fails to require the jury specifically to find that Plaintiffs have satisfied
their burden to prove applicability of an exception to hourly rates based on any
clear and accepted marketplace convention.  *Compare* Defendant's Proposed
Verdict Form.]**

- 16 -