UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEARNING ANNEX HOLDINGS, LLC, LEARNING ANNEX, LLC, and LEARNING ANNEX, L.P., <br><br>        Plaintiffs,<br><br>        v.<br><br>RICH GLOBAL LLC,<br><br>        Defendant. | 09 Civ. 4432 (SAS) (GWG)<br><br>ECF Case |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR STAY PENDING APPEAL**

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
Lewis R. Clayton
Daniel J. Leffell
John H. Longwell
1285 Avenue of the Americas
New York, New York 10019
Tel. (212) 373-3000

*Attorneys for Defendant*

Defendant Rich Global LLC ("Rich Global" or "Defendant") respectfully submits this memorandum of law in support of its motion for a stay of proceedings to enforce the judgment pending appeal under Rule 62(d) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

The judgment in this case follows resolution by the Court of a number of close legal questions that are properly subject to review by the Court of Appeals. Defendant is now pursuing that appeal and seeks an order staying proceedings to enforce the judgment. Given the substantial issues on appeal and what we believe to be Defendant's prospects for success, we submit that enforcement proceedings would be premature while the appeal is pending.

Although Rule 62(d) provides for a stay by supersedeas bond, such a bond is not mandatory if there are other means to provide the judgment creditor with adequate security for its interest in the judgment. The Court should not require a supersedeas bond in this case for the simple reason that Defendant cannot obtain one. Requiring a bond, therefore, would be equivalent to denying the motion for a stay. This would frustrate the purposes of Rule 62(d) and be inconsistent with the equitable principles that underlie the rule.

For these reasons, Defendant respectfully requests that the Court, as it has done already in this case, and as courts typically do in cases in which the appellant lacks the resources to post a bond, grant a stay on the basis of another form of security. The Court has previously crafted a reasonable asset protection order that preserves the *status quo* and adequately protects Plaintiffs' interest in the judgment. Defendant is prepared to consent to the entry of an order containing the same undertakings in connection with a stay pending appeal, and respectfully submits that this is the appropriate security.

## BACKGROUND

On July 13, 2011, a jury returned an initial verdict against then-defendants Rich Global and Cashflow Technologies, Inc. ("Cashflow"). The Clerk of Court entered an amended judgment on that verdict on September 13, 2011.

In connection with their post-judgment motions, the defendants sought a stay of proceedings to enforce the judgment under Rule 62(b), and the parties litigated the question of the "appropriate terms for the opposing party's security" under that provision. Plaintiffs sought a supersedeas bond in the full amount of the judgment. (*See* Ex. A,[1] Letter from L. Clayton, Sept. 16, 2011, at 1 (discussing Plaintiffs' request for a bond).) The defendants argued that an Order preserving the *status quo* by precluding the defendants from transferring assets would be sufficient to protect Plaintiffs' interests, and that, in any event, the defendants would be unable to obtain a bond. (*See* Ex. B, Sept. 26, 2011 Hr'g Tr. at 2-3.) On September 26, 2011, after a hearing on the issue, the Court entered an Order staying enforcement of the judgment and preserving the *status quo* by prohibiting asset transfers except in limited circumstances. (Order of Sept. 26, 2011 (dkt. # 133).) The Court thus rejected Plaintiffs' request for a bond.

On January 11, 2012, the Court granted judgment as a matter of law in favor of Cashflow and vacated the judgment and ordered a new trial of Plaintiffs' claim for damages against Rich Global. (Order of Jan. 11, 2012 (dkt. # 142).) Upon disposition of these motions, the Court's stay and asset protection order expired by its terms.

On April 30, 2012, after the retrial on damages, a jury returned a verdict against Defendant. Defendant again moved for post-trial relief. On May 17, 2012, the Court reinstated its prior asset protection order. (Endorsed Letter of May 17, 2012 (dkt # 194).)

---

[1] Lettered exhibits refer to exhibits to the accompanying Declaration of John H. Longwell.

2

The Court denied Defendant's post-trial motion on July 13, 2012. (Order of July 13, 2012 (dkt. # 203).) In its opinion and order, the Court declined to rule on Defendant's request for stay pending appeal and set a briefing schedule for a motion for stay. (*Id.* at 19.)

On July 18, 2012, the Clerk of Court entered judgment against Defendant in the amount of $23,687,957.21, reflecting the jury award and pre- and post-judgment interest. Absent a stay, Plaintiffs may commence enforcement proceedings as early as August 1, 2012, the expiration of the 14-day automatic stay provision of Rule 62(a).

Defendant filed a notice of appeal on July 20, 2012. (Ex. C, Def.'s Notice of Appeal, July 20, 2012.)

## ARGUMENT

A party appealing from a district court judgment may obtain a stay of proceedings to enforce the judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d). It is well settled that the district court may also grant a stay pending appeal *without* requiring the appellant to post a bond, "if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *Morgan Guar. Trust Co.* v. *Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y 1988) (citing *Texaco Inc.* v. *Pennzoil Co.*, 784 F.2d 1133, 1155 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987)). "[A] stay of judgment may be granted without a bond when and if the equities of the case support it." *Al-Jundi* v. *Oswald*, No. 75-CV-0132E(M), 1997 WL 781876, at *2 (W.D.N.Y. Dec. 19, 1997) (staying enforcement of judgments without requiring bond).

Courts often dispense with the bond requirement where the appellant does not have the financial resources necessary to obtain a bond, and the circumstances otherwise favor a stay. *See, e.g., Network Enters.* v. *APBA Offshore Prods., Inc.*, No. 01 CV 11765(CSH), 2007 WL 398276, at *2 (S.D.N.Y. Feb. 5, 2007) (waiving bond requirement where appellant lacked

3

resources to post security in the amount of judgment); *Palazzetti Import/Export, Inc.* v. *Morson*, No. 98 Civ. 722, 2002 WL 562654, at *3 (S.D.N.Y. Apr. 16, 2002) (waiving requirement of full bond where defendants' bank unwilling to issue letter of credit necessary to obtain bond); *United States* v. *Owen*, No. 88-2805, 2000 WL 1876358, at *2 (E.D. La. Dec. 26, 2000) (waiving bond requirement in light of "Defendant's tenuous financial condition"); *see also Miami Int'l Realty Co.* v. *Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (upholding district court's waiver of full bond where appellant lacked sufficient assets to post one).

When evaluating a request for a stay under Rule 62(d), courts consider: "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." *Morgan Guar.*, 702 F. Supp. at 65.[2]

The balance of these factors in the present case strongly supports issuance of a stay pending appeal. Because Defendant lacks the resources to obtain a bond, and the Court's prior asset protection order is sufficient to protect Plaintiffs' interests, we respectfully request that the Court issue the stay based upon the Court's prior asset protection order, without requiring additional security.

A.   **The Appeal Raises Serious Questions and Has a Substantial Possibility of Success.**

Courts recognize that the first factor—likelihood of success on appeal—is satisfied when the appeal raises difficult and close questions such that the appellant has a "substantial possibility" of prevailing. *See, e.g.*, *LaRouche* v. *Kezer*, 20 F.3d 68, 72 (2d Cir.

---

[2]   The "public interest" factor is generally not relevant in purely private disputes. *Network Enters.*, 2007 WL 398276, at *3 ("The fourth relevant factor, the public interest, is not implicated in any way in this case."). For this reason, we do not address this factor below.

4

1994) (describing requirement as "a substantial possibility, although less than a likelihood, of success" on appeal). As the district court in *Network Enterprises* explained, "it is not necessary for me to confess error and predict a reversal by the Second Circuit." 2007 WL 398276, at *1. Rather, the question is whether the appellant can "demonstrate a substantial case on the merits, even if ultimate success is not a mathematical probability." *Morgan Guar.*, 702 F. Supp. at 65; *see also Palazzetti*, 2002 WL 562654, at *3 (proponent of stay need only raise "serious question" on merits of appeal).

We submit that this case raises substantial issues for appeal. Indeed, in its opinion and order denying Defendant's motion for judgment as a matter of law, the Court stated that "Rich Global makes a strong argument that Learning Annex could not have had a 'reasonable expectation' of compensation for the services it performed in the development of the free seminar business," but in light of the Court's prior rulings held that "it is now appropriate to direct this argument to the Second Circuit." (Order of July 13, 2011, at 10-11.)

Moreover, there is strong and recent precedential support for Defendant's position that an express agreement not to be bound precludes a plaintiff from seeking recovery in *quantum meruit* under New York law, *see Jordan Panel Sys.* v. *Turner Constr. Co.*, 841 N.Y.S.2d 561, 565 (1st Dep't 2007), which raises a substantial legal issue on appeal. The same is true for the other issues addressed in the post-trial motions that will be central to the appeal, including whether Plaintiffs' claim is barred by New York's Statute of Frauds. Because Defendant's appeal raises substantial issues on the merits, the first factor relevant to issuance of a stay cuts sharply in favor of granting the motion.

**B.    The Balance of Interests Strongly Favors a Stay.**

Any efforts to enforce the judgment in this case will be costly, distracting, and entirely unnecessary if Defendant prevails on appeal. Rule 62(d) contemplates that enforcement

5

proceedings will be stayed pending appeal, and for good reason: if the judgment is reversed, any enforcement proceedings would have been unwarranted, a waste of resources, and needlessly damaging to Defendant. *See Morgan Guar.*, 702 F. Supp. at 65 (stay allows "appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal"). Against this wasteful outcome, there are no countervailing reasons to deny the stay.

Plaintiffs do not have a compelling interest in enforcing the judgment prior to resolution of the appeal. To the contrary, Plaintiffs will not suffer any harm from a stay pending appeal so long as their interests in the judgment are adequately protected. The Court has previously found Plaintiffs' interests in the judgment adequately protected during pendency of post-trial motions by an asset protection order. As explained below, there is no reason why a similar order will not continue to serve as adequate security.

**C.     Continuation of the Asset Protection Order Is Appropriate Security.**

In this case, a stay order conditioned on Defendant's posting of a supersedeas bond would be tantamount to no stay at all. As Defendant's chief financial officer affirms, Defendant has been informed by its insurance agent that it cannot obtain an appeal bond without providing security to the bonding company in the form of a letter of credit valued at 100% of the judgment amount. (Decl. of Anthony Humpage, July 19, 2012, ¶ 4.) In light of Defendant's assets, obtaining the required letter of credit is impossible. (*Id.* ¶ 5.)

Faced with the same circumstances on the motion by Defendant and Cashflow for a stay pending resolution of post-trial motions, the Court devised a fair and adequate solution. The order granting the stay preserved the *status quo* by preventing defendants from "pledging, encumbering, hypothecating, assigning, transferring, selling or otherwise impairing the value of any assets" while the motions were pending, with the exception of payments for salaries, legal
6

fees, and other ordinary course expenses. (Order of Sept. 26, 2011, at 2.) In addition, the order placed an absolute bar on the transfer of intellectual property assets and prohibited the defendants from transferring any assets with the intent of frustrating Plaintiffs' ability to enforce the judgment. (*Id.* at 2-3.)

There is no reason for a different result on this motion. In connection with its application for a stay pending appeal, Defendant consents to entry of an asset protection order containing the same terms as that previously entered by this Court. (*See* Ex. D, Proposed Order.) There is no allegation that the prior order has been inadequate to date in protecting Plaintiffs' interests, and there is no reason to believe that it will not be so during the pendency of this important and substantial appeal.

Indeed, the Court's prior order mirrors what courts have done in other cases in which a supersedeas bond is unavailable as security in support of a stay pending appeal. *See, e.g.*, *Miami Int'l Realty Co.* v. *Paynter*, 807 F.2d 871, 872-73 (10th Cir. 1986) (affirming district court's waiver of full bond while restricting debtor to transactions necessary for cost of living and ordinary business); *United States* v. *Owen*, No. 88-2805, 2000 WL 1876358, at *1 (E.D. La. Dec. 26, 2000) (waiving bond requirement and ordering that "Defendant shall not dispose of any assets, save those necessary for living, while appeal is pending before the Fifth Circuit").

Where, as here, all of the equitable factors relevant to whether the Court should issue a stay are in support of such relief, it would be inequitable for the Court effectively to deny the stay by requiring a bond that Defendant is unable to obtain. Accordingly, the Court should waive the supersedeas bond requirement and grant the stay on the basis of the undertakings in the attached Proposed Order (Ex. D).

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant the motion for stay pending appeal.

Dated: July 20, 2012

                                  Respectfully submitted,

                                  PAUL, WEISS, RIFKIND, WHARTON &
                                   GARRISON LLP

                                By:   /s/ Lewis R. Clayton
                                     Lewis R. Clayton (lclayton@paulweiss.com)
                                     Daniel J. Leffell (dleffell@paulweiss.com)
                                     John H. Longwell (jlongwell@paulweiss.com)

                                1285 Avenue of the Americas
                                New York, New York 10019
                                Tel. (212) 373-3000

                                *Attorneys for Defendant Rich Global LLC*